UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.:

Luis Ojeda,

    Plaintiff,

v.

The Field Club, Inc.
d/b/a The Field Club,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Luis Ojeda, by and through his undersigned counsel, files this Complaint against Defendant, The Field Club, Inc. d/b/a The Field Club, and alleges as follows:

### Introduction

1. This is an action for damages and other relief pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. ("FCRA").

2. Plaintiff brings this action to remedy discrimination based on sex (male) in the form of sexual harassment creating a hostile work environment, and for retaliation after Plaintiff engaged in protected activity by complaining about the harassment.

3. Plaintiff seeks compensatory damages, punitive damages, back pay, front pay, prejudgment interest, attorneys' fees, costs, and other relief as the Court deems appropriate.

## Jurisdiction, Venue, and Parties

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights), as this action arises under Title VII. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Sarasota County, Florida, which is within the Middle District of Florida.

6. Plaintiff Luis Ojeda is a Hispanic male residing in Sarasota, Florida. He was employed by the Defendant as a busser from on or about February 2, 2023, until his termination on or about February 22, 2024, which was approximately 55 weeks.

7. Defendant The Field Club, Inc. d/b/a The Field Club (hereinafter The Field Club, or Defendant) is a Florida corporation operating a private social club located at 1400 Field Road, Sarasota, Florida 34231. Defendant is an employer within the meaning of Title VII and the FCRA, as it employs more than 15 employees and is engaged in an industry affecting commerce.

## Procedural Requirements

8. All conditions precedent to this action have been fulfilled. On or about October 8, 2024, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR") and the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a "Determination of Charge and Notice of Right to Sue on June 25, 2025, which Plaintiff received on or about July 02, 2025. Consequently, the present Complaint is being filed within 90 days of the date on which Plaintiff received the Dismissal and Notice of Rights, as allowed by law. *See composite Exhibit "A."*

9. All conditions precedent for the filing of this action before this Court have either been previously met or excused, including the exhaustion of all pertinent administrative procedures and remedies.

## Factual Allegations

10. Plaintiff Luis Ojeda began working for Defendant as a busser on or about February 2, 2023, at a rate of $18 per hour.

11. Beginning in July 2023, Plaintiff was subjected to repeated sexual harassment by his supervisor, Dining Room Manager Lee Perrini.

12. In July 2023, while Plaintiff was bending down at work, Manager Perrini slapped Plaintiff's rear end. Plaintiff immediately told Perrini not to touch him.

In response, Perrini made a derogatory comment, calling Plaintiff a "Latin Indian" and stating that Plaintiff should be used to such treatment.

13. Plaintiff reported this incident to Event Manager Justin Combs, who assured Plaintiff he would speak to Perrini. However, the harassment continued.

14. Thereafter, whenever Perrini saw Plaintiff, Perrini would blow kisses at him, call him "honey," tell him "I love you," and make other inappropriate and sexually suggestive comments.

15. On January 5, 2024, around 5:00 PM, while Plaintiff was working, Perrini again slapped Plaintiff's butt, ran up the stairs, and said, "Your butt is big and beautiful, honey." Later that day, around 8:00 PM, Perrini pushed his body against Plaintiff's from behind. When Plaintiff turned to push him away, Perrini ran up the stairs and said, "I love you, honey."

16. Plaintiff reported these incidents to Event Manager Combs, who again said he would speak to Perrini.

17. On January 6, 2024, Perrini continued his inappropriate comments. Plaintiff reported this to Combs, who arranged a meeting with Perrini. During the meeting, Perrini denied the allegations. Combs informed Plaintiff via text that he had notified General Manager Robert Papazian, and a meeting was planned for January 9, 2024. Combs then suspended Plaintiff until the meeting.

18. On January 8, 2024, Plaintiff went to Human Resources with his son as an interpreter and submitted a written complaint about the sexual harassment. A meeting was held with General Manager Papazian (via telephone), CFO Eileen Sarris, HR representative Jennifer Caron, Plaintiff, and his son. A follow-up meeting was scheduled for January 10, 2024.

19. On January 9, 2024, Plaintiff was notified of his suspension.

20. On January 10, 2024, Plaintiff attended a meeting with his son, Papazian, Sarris, Caron, and Director of Tennis Winston Owen as a Spanish interpreter. Plaintiff detailed the harassment, and Papazian informed him he was suspended with pay pending investigation, and they would notify him when to return.

21. On January 11, 2024, Papazian called Plaintiff to return on January 12, 2024. Plaintiff informed him of a doctor's appointment for blood pressure, and Papazian rescheduled for January 16, 2024.

22. On January 16, 2024, Plaintiff returned to work, but his hours were reduced from approximately 50 hours per week to 32 hours per week, which continued until his termination.

23. On February 22, 2024, Combs yelled at Plaintiff for being 15 minutes late and told him to go home. Plaintiff used Google Translate to ask Combs not to yell, but Combs responded, "Fuck you, go home."

24. Plaintiff went to HR to collect his paycheck and noticed his tips were missing. As Plaintiff was leaving, Papazian approached him, asked why he was late, and after Plaintiff's apology, said, "I see that you are having a lot of problems with Manager Perrini and now also with Manager Combs. I think it is better if you leave the company." When Plaintiff asked if Papazian wanted him to leave, Papazian confirmed, "Yes, I think it is best if you leave the company.

25. Therefore, on or about February 22, 2024, Plaintiff Luis Ojeda was wrongfully terminated by Defendant.

26. The harassment was unwelcome, based on Plaintiff's sex (male), severe and pervasive, and altered the terms and conditions of his employment, creating a hostile work environment.

27. Defendant knew or should have known of the harassment through Plaintiff's repeated complaints but failed to take prompt and effective remedial action.

28. After Plaintiff complained about the harassment, Defendant retaliated against him by suspending him, reducing his hours, withholding tips, and terminating his employment.

29. Defendant's actions were intentional and with malice or reckless indifference to Plaintiff's federally protected rights.

30. As a result, Plaintiff has suffered lost wages, emotional distress, humiliation, and other damages.

## COUNT I:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 : DISCRIMINATION BASED ON SEX: SEXUAL HARASSMENT-HOSTILE WORK ENVIRONMENT

31. Plaintiff Luis Ojeda realleges paragraphs 1 through 30 as if fully set forth herein.

32. Defendant subjected Plaintiff to a hostile work environment based on his sex in violation of Title VII.

33. The sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

34. Defendant The Field Club is subjected to vicarious liability for the actions of its owners and supervisors, employees and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, hostile work environment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, hostile work environment, and retaliation was occurring.

35. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to his Sex. Discrimination based on Sex constitutes unlawful discrimination.

36. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

Prayer For Relief

Wherefore, Plaintiff Luis Ojeda respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant The Field Club, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates based on Sex;

B. Reinstate Plaintiff Luis Ojeda to the same position he held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff Luis Ojeda;

D. Order Defendant The Field Club to make Plaintiff whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation resulting from the employment discrimination suffered;

E. Award a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including punitive damages;

G. Award attorney's fees and costs.

Demand for a Jury Trial

Plaintiff Luis Ojeda demands a trial by jury on all issues triable as a matter of right.

## COUNT II:
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964: RETALIATION

37. Plaintiff Luis Ojeda realleges paragraphs 1 through 30 as if fully set forth herein.

38. Plaintiff engaged in protected activity by complaining about sexual harassment.

39. Defendant took materially adverse actions against Plaintiff, including suspension, reduction in hours, withholding of tips, and termination.

40. There is a causal connection between the protected activity and the adverse actions, as they occurred shortly after Plaintiff's complaints.

41. At all times material hereto, the Employer/Defendant The Field Club failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*."  42 U.S.C. § 2000e-3(a) (emphasis added).

42. Defendant Luis Ojeda is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to

retaliate against employees who oppose or participate in statutorily protected activity.

43. The failure of Defendant to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

44. Defendant The Field Club, through its practices and policies as an employer, willfully and with malicious or reckless disregard for Plaintiff's federally protected rights, retaliated against Plaintiff Luis Ojeda on account of Plaintiff's complaints of discrimination, harassment, and hostile work environment.

45. Plaintiff complained about the unlawful discrimination and harassment suffered at the hands of the Defendant's manager, Lee Perrini. Plaintiff complained and opposed the unlawful discriminatory conduct of this individual.

46. But Plaintiff's complaints brought him only adverse employment action.

47. On or about February 22, 2024, Plaintiff Luis Ojeda was terminated by Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints and opposition to unlawful discrimination and harassment based on his Sex, in violation of Federal Law.

48. Moreover, Plaintiff's termination came just in temporal proximity to Plaintiff's participation in protected activity, on or about January 10, 2024.

49. Plaintiff's protected activity resulted in adverse retaliatory actions that altered the terms, conditions, and privileges of Plaintiff's employment.

50. Defendant fired Plaintiff Luis Ojeda, and the termination was directly and proximately caused by Plaintiff's complaints and opposition to unlawful discrimination.

51. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights, protecting a person from discrimination due to his Sex and retaliation due to his complaints of unlawful discrimination. Retaliation based on having engaged in a protected activity constitutes illegal retaliation.

52. As a result of the retaliation, Plaintiff Luis Ojeda has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

53. Defendant The Field Club's acts, through their agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

54. Defendant The Field Club is subject to vicarious liability for the actions of its owners, employees, and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected, despite Defendant's knowledge that such discrimination, harassment, and retaliation were occurring.

55. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

## Prayer For Relief

Wherefore, Plaintiff Luis Ojeda respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant Luis Ojeda, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant The Field Club to make Plaintiff whole by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation due to the discrimination of Plaintiff and due to the retaliatory discharge;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including compensatory damages, punitive damages, and attorneys' fees and costs.

Demand for a Jury Trial

Plaintiff Luis Ojeda demands a trial by jury on all issues triable as a matter of right.

## COUNT III:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON SEX, SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT

56. Plaintiff Luis Ojeda realleges paragraphs 1 through 30 as if fully set forth herein.

57. At all times, material hereto, the Employer/Defendant, The Field Club, failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10], which states,

    *"It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."*

58. The discrimination of Plaintiff Luis Ojeda by Defendant The Field was caused by Defendant being aware of Plaintiff's Sex.

59. Defendant subjected Plaintiff to a hostile work environment based on his sex in violation of the FCRA.

60. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.

61. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to him by Defendant.

62. Plaintiff was qualified for the position apart from his apparent Sex.

63. Defendant The Field Club discriminated against plaintiff because Plaintiff was a male.

64. Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

65. The failure of Defendant to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

66. Defendant The Field Club, through its practices and policies as an employer, willfully and with malicious or reckless disregard for Plaintiff's state-protected rights, discriminated against Plaintiff Luis Ojeda on account of his Sex, in violation of the Act, with respect to its decision to treat Plaintiff differently from other employees.

67. Plaintiff Luis Ojeda was wrongfully terminated by Defendant The Field Club, and Plaintiff's termination from employment was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Sex.

68. As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, pain, and suffering.

69. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the termination from employment, Plaintiff's Sex, and complaints related to the unlawful acts of discrimination and harassment.

70. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights, protecting a person from discrimination due to Sex.

71. Discrimination based on Sex constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

72. Defendant The Field Club is subject to vicarious liability for the actions of its owners, employees, and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected, despite Defendant's knowledge that such discrimination, harassment, and retaliation were occurring.

73. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Luis Ojeda respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant The Field Club , its officers, successors, assigns, and all persons in active concert or

participation with it from engaging in any employment practice which discriminates based on Sex;

B. Reinstate Plaintiff Luis Ojeda to the same position held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant The Field Club to make Plaintiff Luis Ojeda whole by compensating Plaintiff for lost wages and benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including punitive damages, Attorney's fees (448.104), and further demands a trial by jury on all issues so triable.

### Demand for a Jury Trial

Plaintiff Luis Ojeda demands a trial by jury on all issues triable as a matter of right.

### COUNT IV:
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, CHAPTER 760, FLORIDA STATUTES; RETALIATION

74. Plaintiff Luis Ojeda re-adopts every factual allegation stated in paragraphs 1-30 of this Complaint as if set out in full herein.

75. This is an action against Defendant The Field Club for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, Fla Statutes (FCRA).

76. The FCRA contains an anti-retaliation provision forbidding employers from retaliating or from taking adverse personnel action against those employees who exercise their lawful and protected rights under the Act.

77. The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part as follows:

*"It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."*

78. Plaintiff is a member of a protected class under Title VII and the Florida Civil Rights Act because of his Sex and because of his participation in protected activities within the meaning of the Florida Civil Rights Act.

79. While working for Defendant The Field Club, Plaintiff was subjected to discrimination and harassment based on Sex.

80. Plaintiff reasonably engaged in protected activity by complaining about the unlawful discrimination with his own employer, The Field Club.

81. On or about July 19, 2023, Plaintiff complained and opposed the unlawful discrimination and harassment suffered at the hands of the Defendant's manager, Lee Perrini. Plaintiff opposed the unlawful discriminatory conduct of this individual.

82. But Plaintiff's complaints brought him only retaliation from his own employer, The Field Club.

83. On or about February 22, 2024, Plaintiff Luis Ojeda was terminated by Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints and opposition to unlawful discrimination and harassment based on his Sex, in violation of State Law.

84. At the time that Plaintiff opposed the discrimination and harassment of his superior, Plaintiff was terminated without good cause and in violation of the anti-retaliation provision of the FCRA, *Fla. Stat. Section 760.10,* (7)

85. Moreover, Plaintiff's termination came just in temporal proximity to Plaintiff's participation in protected activity.

86. Plaintiff's protected activity resulted in adverse retaliatory actions that altered the terms, conditions, and privileges of Plaintiff's employment.

87. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights, protecting a person from discrimination due to their Sex and retaliation due to his complaints of unlawful discrimination. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

88. As a result of the retaliation, Plaintiff Luis Ojeda has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

89. Defendant The Field Club's acts, through its agents, were done with malice and reckless disregard for Plaintiff's protected civil rights.

90. Defendant The Field Club is subject to vicarious liability for the actions of its owners, employees, and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected, despite Defendant's knowledge that such discrimination, harassment, and retaliation were occurring.

91. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

## Prayer For Relief

Wherefore, Plaintiff Luis Ojeda respectfully requests that this Court order the following;

A. Grant a permanent injunction enjoining Defendant The Field Club, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in further discriminatory and retaliatory practice in violation of The FCRA, Fla. Stat. Section 760.10, (7);

B. Award Plaintiff Luis Ojeda a judgment against Defendant for compensatory

damages as determined by the Trier of fact;

C. Award Plaintiff restitutionary damages, including back pay, front pay, liquidated damages, any "Employee Welfare Benefits," and retirement benefits for the time Plaintiff should have worked absent Defendant's discriminatory treatment;

D. Enter Judgment for Punitive damages against Defendant The Field Club ;

E. Award Plaintiff all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

## Demand for a Jury Trial

Plaintiff Luis Ojeda demands a trial by jury on all issues triable as a matter of right.

Dated: September 30, 2025

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500, Miami, FL 33156
Telephone: (305) 446-1500
zep@thepalmalawgroup.com
*Attorney for Plaintiff*